UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

NICOLE NICHOLSON
  Plaintiff

JURY TRIAL DEMANDED

Case No.

v.

ARS NATIONAL SERVICES, INC.
  Defendant

## COMPLAINT

### INTRODUCTION

1. Defendant, ARS National Services, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* ("FCEUA"), the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("CPL"), the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), and Pennsylvania common law.

### JURISDICTION AND VENUE

2. The Court has jurisdiction. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331, § 1367.

3. Venue and personal jurisdiction in this District are proper because the Defendant's collection communications and practices impacted Plaintiff within this District and Defendant transacts business within this District.

### PARTIES

4. Plaintiff, Nicole Nicholson ("Nicholson"), is a natural person who resides in the Commonwealth of Pennsylvania.

5. Nicholson is a consumer as defined in the FDCPA, FCEUA and by Regulation E, 12 C.F.R. 1005.2.

6. Defendant, ARS National Services, Inc. ("ARS"), is a business entity with offices in Escondido, CA.

7. ARS acts as a debt collector as defined by § 1692a of the FDCPA because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

## STATEMENT OF CLAIM

8. Plaintiff allegedly incurred a Capital One Bank (USA), N.A. debt that was, upon information and belief, primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) (the "Debt").

9. The Debt arose because Nicholson was a victim of identity theft.

### *ARS's Abusive and Unlawful Debt Collection*

10. On or before March 18, 2014, ARS communicated with Nicholson by telephone and asked for payment on the alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. 1692a(2).

11. During this collection telephone call, ARS solicited and obtained Nicholson's personal bank account information in order to initiate a series of electronic funds transfers, which were aimed at satisfying the alleged debt, and which were subject to Regulation E and the EFTA. See 12 C.F.R. § 1005.3(b).

12. Upon information and belief, ARS failed to obtain written authorization from Nicholson for these electronic funds transfers, as required by and in violation of Regulation E and the EFTA. See 12 C.F.R. § 1005.10(b).

13.     Upon information and belief, ARS failed to provide Nicholson with a written copy of this authorization for these electronic funds transfers, as required by and in violation of Regulation E and the EFTA. See 12 C.F.R. § 1005.10(b).

14.     ARS made multiple electronic funds transfers from Nicholson's bank account between March 2014 and November 2014, within the meaning of Regulation E and the EFTA, without having first complied with the requirements of those federal laws.  See 15 U.S.C. § 1693 and 12 C.F.R. § 1005.10.

15.     ARS's failure to provide the notices required by the EFTA, prior to instituting multiple electronic funds transfers from Plaintiff's bank account constitutes a violation of the EFTA, 15 U.S.C. § 1693, and was also an unfair, false and deceptive collection practice in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1), the FCEUA, and the CPL, amongst other laws.

16.     In May 2014, Nicholson sought the advice of counsel for her financial matters.

17.     On July 10, 2014, Nicholson's counsel sent ARS a letter of representation with respect to the Debt.

18.     On September 16, 2014, Nicholson, through her counsel, sent ARS a letter informing ARS that Nicholson was revoking any prior authorization given by her for electronically debiting her accounts for payment and that the Debt arose from Nicholson being the victim of identity theft.

19.     On or about September 19, 2014 ARS sent Nicholson's counsel a letter with documentation in an attempt to validate the Debt.

20.     On or about October 6, 2014, ARS sent Nicholson's counsel a letter stating that payment on the balance was due October 15, 2014 and will be processed automatically on that date if ARS was already provided with Nicholson's pre-authorized payment transaction information ("October 6 Letter").

21.     On or about October 16, 2014, ARS debited $50.00 from Nicholson's bank account, causing an overdraft.

22.     On or about November 5, 2014, ARS sent Nicholson's counsel a letter stating that payment on the balance was due November 15, 2014 and will be processed automatically on that date if ARS was already provided with Nicholson's pre-authorized payment transaction information ("November 5 Letter").

23.     On November 13, 2014, Nicholson, through her counsel, for the second time sent a letter to ARS revoking any prior authorization given by her for electronically debiting her accounts for payment and reminding ARS that the debt arose because Nicholson was a victim of identity theft.

24.     Despite not having authority to do so, on or about November 16, 2014, ARS again debited $50.00 from Nicholson's bank account causing an overdraft.

*ARS's Invasion of Nicholson's Privacy*

25.     Both the October 6 Letter and the November 5 Letter were collection letters that were placed into the mail in a windowed envelope.

26.     Visible through the window of the envelope of the October 6 Letter, below the return address, is a barcode.

27.     The barcode visible on the October 6 Letter produces a number ending in 5658 when scanned.

28.     The October 6 Letter identifies the same number ending in 5658 as being the ARS account number for the Debt.

29.     Visible through the window of the envelope of the November 5 Letter, below the return address, is a barcode.

30.     The barcode visible on the November 5 Letter produces the same number ending in 5658 when scanned.

31.     The November 5 Letter also identifies the number ending in 5658 as being the ARS account number for a consumer debt alleged due by Nicholson.

32.     The account number ending in 5658 constitutes personal identifying information.

*Impact of ARS's Abusive and Unlawful Debt Collection and Invasion of Nicholson's Privacy*

33.     As the result of the collection acts and omissions of ARS, Nicholson suffered damages, including, but not limited to, mental anguish, embarrassment, stress, and bank fees.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

34.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

35.     ARS violated 15 U.S.C. § 1692d by contacting a consumer with the intent to harass, oppress, or abuse her in connection with the collection of a debt.

36.     ARS violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of a debt.

37.     ARS violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken.

38. ARS violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

39. ARS violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

40. ARS violated 15 U.S.C. § 1692f(6) by taking or threatening to take any nonjudicial action to effect dispossession of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

41. ARS violated 15 U.S.C. § 1692f(8) by using language or a symbol on an envelope when communicating with a consumer by mail.

42. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### COUNT II - FAIR CREDIT EXTENSION UNIFORMITY ACT

43. ARS's violations of the FDCPA each constitute unfair or deceptive acts under the FCEUA. 73 P.S. § 2270.4(a).

44. As a result of Defendant's violations of the FCEUA, Plaintiff is entitled to relief.

### COUNT III – ELECTRONIC FUND TRANSFERS ACT AND REGULATION E

45. The foregoing intentional and negligent acts and omissions of Defendant constitutes numerous and multiple violations of the EFTA and Regulation E including, but not limited to, each and every one of the above-cited provisions of the EFTA, 15 U.S.C. § 1693 et seq.

46. ARS violated 12 C.F.R. § 1005.10(b) by failing to obtain the preauthorized transfers in writing.

47. ARS violated 12 C.F.R. § 1005.10(b) by failing to provide the consumer with a copy of said writing.

48. As a result of Defendant's violations of the EFTA and Regulation E, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1693m(a)(3) from Defendant.

## COUNT IV – CONVERSION

49. ARS committed the common law act of conversion by depriving Nicholson of her right to possess her money in her bank account by improperly and intentionally and/or negligently asserting dominion over the money without Nicholson's consent and without lawful justification.

50. As a result of Defendant's tortious conduct, Plaintiff is entitled to relief.

## COUNT V – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

51. ARS committed the common law act of invasion of privacy by intrusion upon seclusion by intentionally and/or negligently invading upon the private affairs or concerns of Nicholson, and the invasions caused mental anguish or suffering.

52. Said invasions were highly offensive to a reasonable person.

53. As a result of Defendant's tortious conduct, Plaintiff is entitled to relief.

## COUNT VI – UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

54. ARS's violations of the FDCPA, FCEUA, EFTA, and Pennsylvania torts, each constitute violations of the CPL under 73 P.S. § 2270.5(a).

55. As a result of Defendant's violations of the CPL, Plaintiff is entitled to relief, including, but not limited to, statutory damages for each and every unfair or deceptive act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Nicole Nicholson, respectfully prays that judgment be entered against Defendant:

a. For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. For $1,000 statutory damages pursuant to 15 U.S.C § 1692k(a)(2)(A);

c. For actual damages pursuant to 15 U.S.C. 1693m(a)(1);

d. For $1,000 statutory damages pursuant to 15 U.S.C § 1693m(a)(2)(A);

e. For damages suffered as a result of ARS's conversion of Nicholson's property;

f. For damages for emotional distress suffered as a result of ARS's invasions of Nicholson's privacy;

g. For damages pursuant to 73 P.S. § 2270.5;

h. For damages pursuant to 73 P.S. § 201-9.2;

i. For treble damages pursuant to 73 P.S. § 201-9.2;

j. For punitive damages;

k. For costs and reasonable attorneys' fees, pursuant to 15 U.S.C § 1692k(a)(3), 15 U.S.C. § 1692m(3), and 73 P.S. § 201-9.2; and

l. For such other and further relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

                Respectfully submitted,

Dated: <u>12/17/2014</u>     By:     <u>/s/ Mark G. Moynihan</u>
                Mark G. Moynihan, Esquire
                Attorney for Plaintiff
                PA 307622
                112 Washington Place, Suite 1N
                Pittsburgh, PA 15219
                Phone: (412) 889-8535
                Fax: (800) 9978192
                Email: mark@moynihanlaw.net

## VERIFICATION OF COMPLAINT AND CERTIFICATION

COMMONWEALTH OF PENNSYLVANIA      )
                                                                                            ) ss

COUNTY OF GREENE      )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Nicole Nicholson, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____DEC_____ , __16__ , __2014__
                        &␣&␣ Month           Day      Year

_____
Signature